UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 11-08390 DMG (Ex)** | Date | October 27, 2011 |
|---|---|---|---|

| Title | *US Bank National Association v. Kenneth E. Scott, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On July 5, 2011, Plaintiff U.S. Bank National Association filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendants Kenneth E. Scott, Sharon Villanueva Scott, and Does 1 through 5. Plaintiff seeks possession of real property and restitution for Defendants' use and occupancy of the property in the amount of $50 per day starting on May 22, 2011. (Compl. at 2-3.) Defendant Kenneth Scott removed the case to this Court on October 11, 2011, asserting subject matter jurisdiction on the basis of diversity of citizenship, 28 U.S.C. § 1332(a) and civil rights violations, *id.* § 1343.

On October 14, 2011, the Court issued an Order to Show Cause why this action should not be remanded to state court. [Doc. # 5] Defendant filed a copy of the summons and complaint as well as his answer, but did not file a satisfactory response with regard to the existence of subject matter jurisdiction.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint does not reveal a basis for diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000. Nor does the complaint support federal question jurisdiction. Plaintiff's sole cause of action for unlawful detainer arises from state law. Federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-08390 DMG (Ex)** | Date | October 27, 2011 |
| Title | *US Bank National Association v. Kenneth E. Scott, et al.* | Page | 2 of 2 |

1262, 1272, 173 L.Ed.2d 206 (2009).  Similarly, 28 U.S.C. § 1343 does not apply because Plaintiff does not allege that Defendants deprived it of a federal civil right.

As Defendant Kenneth Scott has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**